### RILEY v. DIRECTOR OF PATUXENT INSTITUTION

[App. No. 17, September Term, 1964.]

*Decided October 16, 1964.*

Before HENDERSON, C. J., and PRESCOTT, MARBURY, SYBERT and OPPENHEIMER, JJ.

HENDERSON, C. J., delivered the opinion of the Court.

The applicant seeks leave to appeal from a finding of defective delinquency, contending that the crimes for which the applicant was convicted were not of such a character as to subject him to the provisions of the Act, Code (1957), Art. 31B, sec. 6(a). (See also Code (1964 Supp.), Art. 31B, sec. 6(a) for the effect to be given a conviction prior to June 1, 1954).

The facts are undisputed. The applicant was convicted on March 8, 1963, of two offenses arising out of one episode, common assault and unauthorized use of an automobile. The assault

was an attempt to run down an officer who flagged down the stolen car. Sec. 6(a) lists the crime prerequisite to an examination as follows: "(1) a felony; (2) a misdemeanor punishable by imprisonment in the penitentiary; (3) a crime of violence; (4) a sex crime * * *; (5) two or more convictions for any offenses or crimes punishable by imprisonment, in a criminal court of this State." The appellant argues that unauthorized use of a motor vehicle is no longer a crime punishable by imprisonment in the penitentiary, citing Chapter 616, Acts of 1961. He also argues that common assault is neither a crime of violence, nor a penitentiary misdemeanor. The Attorney General argues to the contrary. We find it unnecessary to decide the point. The record shows that he was sentenced to six months on the assault charge and three years on the unauthorized use charge. These were separate crimes, and would appear to bring his case within the scope of subsection (5). However, we do not so decide for the record shows that he was convicted of the larceny of an automobile in 1957 and sentenced to one year in the Maryland State Reformatory, and that he was convicted of a similar offense in 1958 and sentenced to two years in the Maryland State Reformatory. These crimes, together with the convictions and sentences on March 8, 1963, were clearly adequate to meet the conditions laid down in the statute.

*Application denied.*